■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Appellants, v ANDREW O'ROURKE, as County Executive of the County of Westchester, et al., Respondents. [668 NYS2d 716] —In an action, *inter alia*, for a declaratory judgment, the plaintiffs appeal from so much of (1) an order of the Supreme Court, Westchester County (Rudolph, J.), dated December 24, 1996, as granted those branches of the respective motions of the defendant Leake & Watts, Inc., and the defendants Andrew O'Rourke, Mary Glass, Anthony J. Giambruno, and the County of Westchester which were for summary judgment dismissing the plaintiffs' first cause of action, and denied that branch of their cross motion which was for summary judgment on the first cause of action, and (2) a judgment of the same court, entered July 9, 1997, upon the order, as dismissed the plaintiffs' first cause of action. The plaintiffs' notice of appeal from the order dated December 24, 1996, is also deemed a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that the contract dated December 13, 1995, between the defendant County of Westchester and the defendant Leake & Watts, Inc. is valid; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court properly determined that the contract dated December 13, 1995, between the defendant County of Westchester and the defendant Leake & Watts, Inc. (hereinafter L & W), whereby L & W would manage and operate a program of secure detention services for alleged juvenile offenders at Woodfield Cottage Secure Detention Facility, located in Valhalla, is not prohibited by law. Moreover, L & W

was granted an operating certificate for this purpose by the New York State Division for Youth.

Contrary to the plaintiffs' contention, there is nothing in County Law § 218-a which expressly prohibits the County from entering into the subject contract. Further, Executive Law § 503 (1) charges the Division for Youth with promulgating regulations for the operation of secure and nonsecure detention facilities. Those regulations, governing juvenile detention facilities, are found in 9 NYCRR 180.1 *et seq*.

Specifically, 9 NYCRR 180.1 provides, in relevant part, that "[t]he purpose of these regulations is to provide uniform standards and procedures for the establishment and operation of secure and nonsecure juvenile detention facilities in the State of New York". Moreover, 9 NYCRR 180.5 (a) (3) expressly permits agencies such as the Westchester Department of Social Services to enter into contracts "with public or nonprofit child caring agencies to operate detention facilities, pursuant to applicable statutes and regulations, and upon certification by the division [for youth]". This regulation does not distinguish between contracts for secure detention facilities and contracts for nonsecure detention facilities.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendants rather than dismissal of the first cause of action (*see, Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.